**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAY E. MOORE

        Petitioner,

vs.                                   Case No.    3:08-cv-1230-J-32HTS
                                                                3:07-cr-282-J-32HTS

UNITED STATES OF AMERICA,

        Respondent

## **ORDER**[1]

This case is before the Court on petitioner Jay E. Moore's pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255. (Doc. 1). The United States responded by filing a Motion to Dismiss, alleging that petitioner waived the right to appeal his criminal conviction in his plea agreement. (Doc. 8). Petitioner has not filed a response, and the time in which to do so has now passed. Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

On February 27, 2008, petitioner pled guilty to a two-count indictment charging him with possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

841(a)(1) and 841(b)(1)(C) (Count One) and possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c) (Count Two). (Crim Docs.² 1, 31). Petitioner's guilty plea was entered pursuant to a written plea agreement he signed that same day. (Crim. Doc. 33). The plea agreement contains a waiver of appeal provision that provides:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly <u>waives the right to appeal defendant's sentence or to challenge it collaterally on any ground</u>, including the ground that the court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Id. at 8) (emphasis added). Petitioner was subject to a five year minimum mandatory sentence pursuant to Count Two, which would run concurrent to any sentence imposed pursuant to Count One. On June 24, 2008, the Court sentenced petitioner

---

² Citations to Moore's criminal case file, 3:07-cr-282-J-32HTS, are denoted as "Crim. Doc. ___." Citations to Moore's civil § 2255 case file, 3:08-cv-1230-J-32HTS, are denoted as "Doc. ___."

to 63 months' imprisonment. (Crim Doc. 39). Petitioner did not file a direct appeal.

Petitioner filed the instant § 2255 petition on December 22, 2008. (Crim. Doc. 45; Doc. 1). In his motion, petitioner asserts that he had an agreement with the case agent regarding the potential for a reduced sentence if defendant provided substantial assistance to the government, and that his lawyer was constitutionally ineffective for failing to bring this issue to the Court's attention. (Id. at 2-3).[3] The government posits that petitioner expressly waived the right to appeal his sentence either directly or collaterally, and thus the § 2255 motion should be dismissed. (Doc. 8).

An appeal waiver in a plea agreement will be enforced if the government demonstrates either: (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver. United States v. Williams, 396 F.3d 1340, 1341 (11th Cir. 2005); United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997). A voluntary and knowing appeal waiver in a plea agreement precludes the defendant from collaterally attacking his conviction in a § 2255 motion. See Williams, 396 F.3d at 1342 (dismissing a § 2255 petition based on claims of ineffective assistance of counsel because the appeal waiver provision in a plea agreement specifically informed the defendant that he was waiving a collateral attack

---

[3]In response to inquiry from the Court, the government has filed a supplemental response (Doc. 10) denying any such promises were made to petitioner and pointing out that petitioner himself, at the time of his plea colloquy, denied that any such promises were made.

3

on his sentence).

Here, petitioner consented to having his guilty plea taken before United States Magistrate Judge Howard T. Snyder. (Crim. Doc. 46 at 6). During the plea colloquy, the Magistrate Judge informed petitioner that he was waiving the right to attack his sentence collaterally and petitioner said he had no questions and that he had entered into the appeal waiver voluntarily. (Id. at 21). The Magistrate Judge questioned petitioner exhaustively on this aspect of the plea agreement, informing petitioner that he was waiving both his right to file a direct appeal and a collateral attack on his sentence pursuant to 28 U.S.C. § 2255. (Id. at 23). The Magistrate Judge explained what a collateral attack was and told petitioner that he was "waiving the right to later bring a challenge based on the ineffective assistance of counsel." (Id. at 17, 22-23).

Petitioner's contentions fall squarely within this waiver. The Court concludes that petitioner knowingly and voluntarily agreed to the appeal waiver provision of his plea agreement, the appeal waiver is valid, applies to the instant § 2255 motion and none of the enumerated exceptions in the waiver apply.[4] Accordingly, It is hereby

**ORDERED**:

1. The United States' Motion to Dismiss Jay E. Moore's Section 2255 Motion (Doc. 8) is **GRANTED**. Jay E. Moore's Motion to Vacate, Set Aside Sentence, or

---

[4] The undersigned did not upwardly depart above the applicable guidelines range at sentencing, the imposed sentence is not above the statutory maximum and the sentence does not violate the law apart from the sentencing guidelines.

Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED WITH PREJUDICE**.

    2. The Clerk shall enter judgment in favor of the United States and against Jay E. Moore, and close the file.

    **DONE AND ORDERED** at Jacksonville, Florida this 13th day of October, 2009.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

jcd.

Copies:
counsel of record
pro se party